UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHURCH MUTUAL INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-3841** |
| **GREATER ST. STEPHEN BAPTIST CHURCH, GREATER ST. STEPHENS HOUSING, INC., PAUL S. MORTON FOUNDATION d/b/a GREATER ST. STEPHEN** | **SECTION: "C"** |

## ORDER

Before the Court is a Motion for Reconsideration filed by the plaintiff, Church Mutual Insurance Company ("Church Mutual") (Rec. Doc. 21). The defendants, Greater St. Stephen Baptist Church, Greater St. Stephen Housing, Inc., Paul S. Morton Foundation d/b/a Greater St. Stephen (collectively, "Defendants") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the motion is **GRANTED**.

**I. BACKGROUND**

On or about August 29, 2005, Hurricane Katrina caused damage to Defendants' properties, which were insured by Church Mutual. Both sides conducted appraisals of the damage, however, the appraisers have different opinions as to the valuation of the damage and cannot agree on an umpire to resolve the dispute. As a result, Defendants, in accordance with the terms of the insurance policy, filed a petition for appointment of an umpire in the Civil District Court for the Parish of Orleans, State of Louisiana. A few days later, Church Mutual filed this action, which also prays for the appointment of an umpire.

The Defendants filed a Motion to Abstain or Stay these proceedings pending the resolution of the parallel state court case. The Court granted the motion, finding that abstention was proper under the *Colorado River* Doctrine. Church Mutual then filed this Motion for Reconsideration asserting that it did not have a chance to respond to the Defendants' Motion to Abstain due to its attorneys' "clerical error" and that abstention is not proper.

After this motion was filed, the case was stayed while the parties attempted to reach an amicable resolution. As a result, this motion was dismissed as moot. The parties were unable to reach a compromise and the stay was lifted. The Court vacated the order which dismissed this motion as moot and the motion now ripe for consideration on the merits.

On May 2, 2007, Church Mutual was finally served with process in the parallel state court proceeding. It then removed that action to the federal court. That case, Civil

Action No. 07-2824, was allotted to Section "I," Judge Africk, and Magistrate Judge "1," Judge Shushan.

II. ANALYSIS

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms.  See, *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.  See, *Id.*  The Court granted the Defendants' Motion for to Abstain on October 12, 2006.  Church Mutual filed its Motion for Reconsideration on October 26, 2006, within 10 days after the Court's ruling.[1]

Therefore, Rule 59(e) governs Church Mutual's Motion for Reconsideration.  In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Rule 59(e) is proper only upon the movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." 180 F.R.D. at 311.

Here, Church Mutual argues that this Court committed a clear and manifest

---

[1] Under Federal Rule of Civil Procedure 6(a), when a time period is less than eleven (11) days, the intermediate Saturdays, Sundays and legal holidays are not counted.

error of fact. According to Church Mutual, the Court failed to consider the fact that it had never been served with process in the state court proceeding. It claims that it was not afforded the opportunity to assert this argument in opposition to the Defendants' Motion to Abstain because it was not aware that the motion was filed due to its attorneys' "clerical error." Church Mutual asserts that this missing fact shows that there was no parallel state court suit on which the Court could base its abstention. Church Mutual also argues that, even if the Court could find that there was a state court proceeding, there is no longer one, because it removed that action to this Court. Furthermore, Church Mutual points out that another federal judge has found diversity jurisdiction in a similar declaratory action where the parties seek to have an umpire appointed. See, *Church Mutual Ins. Co. v. New Home Full Gospel Ministries, et. al.*, Civil Action No. 06-3841.

The Defendants, on the other hand, assert that Church Mutual does not present any new evidence, but rather, seeks to have the Court reconsider its judgment based on the attorneys' "clerical error." The Defendants then recite the factors for abstention under the *Colorado River* Doctrine and explain what the Court found and why those reasons still hold. Specifically, the Defendants argue that the lack of service upon Church Mutual in the state court action was immaterial to this Court's finding for abstention. Finally, the Defendants suggest that abstention is proper under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The

4

Defendants cite the *Brillhart* Court in finding that federal courts should abstain in actions seeking declaratory relief that are not governed by federal law when there is another suit presenting the same issues pending in the state court. *Brillhart*, 316 U.S. at 491.

In this case, there are new facts which warrant reconsideration. Under the *Colorado River* Doctrine, a federal court can abstain from hearing a matter if there is a parallel state court suits that has the same parties and issues. Church Mutual has pointed out that there is no longer a parallel state court suit because it has removed that action to this Court. Thus, unless that action is remanded, abstention in the above captioned matter is inappropriate.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Church Mutual Insurance Company's Motion for Reconsideration is hereby **GRANTED.**

New Orleans, Louisiana, this 30th day of May, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE